```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
                                       :
UNITED STATES OF AMERICA               :
        - v. -                         :
                                       :     S1 11 Cr. 709 (JGK)
REGINALD RANDOLPH,                     :
            Defendant.                 :
                                       :
- - - - - - - - - - - - - - - - - - - X
```

**SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA**

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Telemachus P. Kasulis
Assistant United States Attorney
    -Of Counsel-

The Government respectfully submits this memorandum in advance of the sentencing of defendant Reginald Randolph, which is scheduled for August 8, 2012, at 10:30 a.m.  For the reasons set forth below, the Government believes that a sentence within the advisory United States Sentencing Guidelines range would be appropriate.

## BACKGROUND

The defendant was charged in Indictment 11 Cr. 709 (JGK) (the "Indictment") with conspiring to distribute mixtures and substances containing a detectable amount of cocaine base, in a form known as "crack cocaine," between March 2011 and August 2011, in violation of Title 21, United States Code, Sections 812, 841(a), 841(b)(1)(C), and 846.  The Indictment followed a long-term investigation by members of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and the New York City Police Department ("NYPD") into narcotics trafficking in and around the Edmund Borgia Butler Houses and the Daniel Webster Houses in Bronx, New York.  The defendant, who was in New York State custody at the time of the arrests in this case by virtue of his arrest on an October 7, 2011 Petit Larceny charge, was brought to the Southern District of New York on October 27, 2011 and remanded pending trial.

On April 19, 2012, the Government allowed the defendant to plead guilty to Superseding Information S1 11 Cr 709 (JGK) (the "Information") pursuant to a plea agreement. The Information charges the defendant with using a communications device to facilitate the commission of felony possession of cocaine base, in violation of Title 21, United States Code, Section 843(b). That charge carries statutory maximums of four years of imprisonment, one year of supervised release, and a fine of $250,000. The Court must also impose a mandatory special assessment of $100. The plea agreement included a stipulated United States Sentencing Guidelines (the "Guidelines") range of 24 to 30 months' imprisonment.

In its Pre-Sentence Report (the "PSR"), the United States Probation Office (the "Probation Office") agreed that the appropriate Guidelines range was 24 to 30 months' imprisonment. (PSR at 22). The Probation Office has recommended that the Court impose a sentence of 24 months' imprisonment, at the bottom of the Guidelines range, to be followed by one year of supervised release. (PSR at 22).

The defendant now stands before the Court for sentencing.

**DISCUSSION**

**I.   A SENTENCE WITHIN THE STIPULATED GUIDELINES RANGE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO MEET THE NEEDS OF SENTENCING**

   A.   Guidelines Calculation

   On August 2, 2012, the defense alerted the Government to the possibility that there was an error in the Guidelines calculation in the plea agreement and the PSR.  After reviewing the relevant statutes and the Guidelines, the Government agrees that the offense level should be calculated as follows:

   1. The relevant Section for a violation of 21 U.S.C. § 843(b) is U.S.S.G. § 2D1.6(a), which states that the base offense level for such a violation should be "the offense level applicable to the underlying offense."

   2. The underlying offense in this case is a violation of 21 U.S.C. § 844.  The base offense level for a violation of that statute can be found in U.S.S.G. § 2D2.1(a) (not in U.S.S.G. § 2D1.1).  Pursuant to §2D2.1(a)(1), the base offense level is 8 if the substance possessed was cocaine base.

   3. A two-level reduction is warranted if the defendant accepts responsibility for his actions, pursuant to U.S.S.G. § 3E1.1(a).

4. Accordingly, the total offense level is 6.

As the defendant falls within Criminal History Category VI, the advisory Guidelines range is 12 to 18 months' imprisonment.[1]

B.   Title 18 U.S.C. § 3553(a)

As the Court is well aware, Section 3553(a) of Title 18 directs the Court to impose a sentence "sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2)."  That sub-paragraph sets forth the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

---

[1]   The error in the plea agreement and the PSR came from the mistaken belief that the Guideline section relevant to the "underlying offense" was U.S.S.G. § 2D1.1, instead of § 2D2.1.  After discussing this issue with the defense on August 2, 2012, the Government alerted the Probation Office to this error in the PSR in an e-mail.  As of the filing of this memorandum, the Probation Office had not advised the Government as to whether it agrees with the adjusted calculation or as to whether it intends to file a supplemental PSR.

Section 3553(a) further directs the Court – in determining the particular sentence to impose – to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes noted above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range under the Guidelines; (5) the Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.  See 18 U.S.C. § 3553(a).

The Government respectfully submits that these factors counsel in favor of a sentence within the Guidelines range of 12 to 18 months' imprisonment.  This case appears to represent the defendant's thirty-second conviction.  This is the defendant's fifth felony conviction.  His prior four felony convictions are for: (1) Criminal Sale of a Controlled Substance in the Fourth Degree in October 2005, for which he received a sentence of three years' imprisonment; (2) Attempted Robbery in the Second Degree, in October 2005, for which he received a sentence of three years' imprisonment; (3) Criminal Sale of a Controlled Substance in the Fifth Degree in May 1999, for which he received a sentence of two to four years' imprisonment; and (4) Grand Larceny in the Third Degree in January 1986, for which he

received a sentence of one year's imprisonment.  The defendant has been convicted of over 20 misdemeanor offenses, including offenses involving the possession of a weapon and assault (although the lion's share of his convictions deal with larceny and controlled substances).  The defendant's criminal history is littered with failures to appear in court when ordered and violations of probation.

The defendant suggests that the Guidelines overstate his criminal history.  See Sentencing Memorandum on Behalf of Reginald Randolph (the "Defense Memorandum") at 12-14.  We disagree.  The majority of the defendant's unbroken string of crimes since the early 1980s are not counted at all for Guidelines purposes.  See PSR ¶ 32 ("Since several convictions did not result in criminal history points . . . we summarized the convictions."); PSR ¶ 33 ("Since the [Florida] convictions did not result in criminal history points . . . a summary of the convictions [is] listed.").  While many of them are minor, the picture that emerges is of an individual that has in no way been deterred by the short sentences that have been meted out by local authorities in the past.[2]

---

[2]  Similarly, the defendant's argument that the names he has provided to law enforcement in the past are not aliases but rather "typographical or clerical errors" does not hold water.  See Defense Memorandum at 13 n.8.  While some of the names are

6

The defendant is correct that he is less culpable than the other defendants in the case. <u>See</u> Defense Memorandum at 14-16. That reality is already built into his Guidelines range, however. The defendant pled guilty to conduct yielding a significantly lower offense level than that of his co-defendants. Accordingly, he has already realized in his Guidelines range the sentencing benefit of being less culpable than his co-defendants. The defendant's sentencing exposure is being driven not by an attempt by the Government or the Probation Office to claim that he is as culpable as they, but rather by his extraordinary history of crime and the likelihood of recidivism.

---

close to Reginald Randolph, for instance "Reggie Randall" and "Reginald Randolf," others – like "Anthony Wilson" and "Reggie Wells," are not. <u>See</u> PSR ¶ 32.

7

## CONCLUSION

For all of the foregoing reasons, the Government respectfully submits that the defendant should be sentenced to a term of imprisonment within the Guidelines range of 12 to 18 months.

Dated:    New York, New York
          August 2, 2012

                                Respectfully submitted,

                                PREET BHARARA
                                United States Attorney for the
                                Southern District of New York


                                ___/s/_____
                                Telemachus P. Kasulis
                                Assistant United States Attorney
                                Tel: 212-637-241
                                Fax: 212-637-0084

cc:  Robert M. Radick, Esq.
     (via e-mail)